NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 24-349

DYLAN CAIN DUPLANTIS

VERSUS

KORTNEY RAE FONTENOT DUPLANTIS

**********

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. C-323-23
HONORABLE CRAIG STEVE GUNNELL, DISTRICT JUDGE

**********

VAN H. KYZAR

JUDGE

**********

Court composed of Elizabeth A. Pickett, Van H. Kyzar, and Candyce G.Perret, Judges.

APPEAL DISMISSED.

**April Petry Defelice**
**Attorney at Law**
**203 W. Main Street, #208**
**New Iberia, LA 70560-3792**
**(337) 364-1275**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Kortney Rae Fontenot Duplantis**

**Austin J. Pottorff**
**Fuerst, Carrier & Ogden**
**127 W. Broad Street, Suite 300**
**Lake Charles, LA 70601**
**(337) 436-3332**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Dylan Cain Duplantis**

**KYZAR, Judge.**

On July 15, 2024, Appellant, Kortney Rae Fontenot Duplantis, was ordered to show cause, by brief only, why the instant appeal should not be dismissed as untimely. For the reasons stated herein, we dismiss the appeal.

Appellee, Dylan Cain Duplantis, filed a Petition for 102 Divorce and Incidental Matters on June 21, 2023. On February 28, 2024, Appellee filed a supplemental and amending petition, requesting a divorce under La.Civ.Code art. 103. Appellee requested personal service on Appellant through her attorney of record, April Petry Defelice, and service was made as requested on March 11, 2024.

On April 9, 2024, Appellee filed a Checklist for 103 Divorce, an Affidavit of Living Separate and Apart, and a Judgment of Final Divorce. A judgment of divorce was granted that day, and notice of judgment was mailed to the parties on April 11, 2024. Appellant was also served with the judgment on April 24, 2024. On May 24, 2024, Appellant filed a Petition and Order for Appeal and was granted a suspensive appeal on May 28, 2024. Upon the lodging of the appeal, a rule was issued to Appellant to show cause why the appeal should not be dismissed an untimely.

Pursuant to La.Code Civ.P. art. 3942(A), "[a]n appeal from a judgment granting or refusing an annulment of marriage or a divorce can be taken only within thirty days from the applicable date provided in [La.Code Civ.P.] Article 2087(A)." Article 2087(A)(1) reads:

> A. Except as otherwise provided in this Article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken within sixty days of any of the following:
>
> (1) The expiration of the delay for applying for a new trial or judgment notwithstanding the verdict, as provided by Article 1974 [motion for new trial] and Article 1811 [motion for judgment notwithstanding the verdict], if no application has been filed timely.

Pursuant to La.Code Civ.P. art. 1974, "[a] party may file a motion for new trial not later than seven days, exclusive of legal holidays, after the clerk has mailed or the sheriff has served the notice of judgment as required by Article 1913."

In response to the rule, Appellant acknowledges that notice of the trial court's April 9, 2024 ruling was mailed to the parties on April 11, 2024. Appellant maintains, however, that she was not served with notice of judgment until April 24, 2024, and thus, the delay for filing a motion for new trial did not begin to run until April 25, 2024, and did not expire until May 3, 2024. Also, Appellant asserts that the thirty-day time period within which to appeal the judgment of divorce began to run on May 4, 2024, and expired on June 3, 2024. As such, Appellant concludes that her motion for appeal filed on May 24, 2024, was filed timely.

Appellee directs this court to La.Code Civ.P. art. 1913, which reads, in pertinent part:

> B. Notice of the signing of a default judgment against a defendant on whom citation was not served personally, or on whom citation was served through the secretary of state, and who filed no exception, answer, or other pleading, shall be served on the defendant by the sheriff, by either personal or domiciliary service, or in the case of a defendant originally served through the secretary of state, by service on the secretary of state.
>
> C. Except when service is required under Paragraph B of this Article, notice of the signing of a default judgment shall be mailed by the clerk of court to the defendant at the address where personal service was obtained or to the last known address of the defendant.

Appellee states that personal service of the supplemental and amending petition requesting a divorce under La.Civ.Code art. 103 was made on Appellant on March 11, 2024, through her attorney of record, April Petry Defelice. Appellee then took a default judgment against Appellant because she did not answer within the delay period allowed by law. Appellee maintains that pursuant to Article 1913, personal service of the April 9, 2024 judgment was not required because Appellant was personally served with the supplemental and amending petition. As such, Appellee

2

concludes that the seven-day delay period for filing a motion for new trial began to run after notice of judgment was mailed to the parties, followed by the thirty-day appeal delay.

In support of his argument, Appellee cites *Thibodeaux v. Thibodeaux*, 326 So.2d 408 (La.App. 3 Cir. 1976), wherein this court, on its own motion, found that the appeal of a final judgment granting divorce, custody, and alimony was not filed timely.

> Since there was personal service, there was no requirement for notice of judgment. LSA-C.C.P. art. 1913. The delay for applying for a new trial expired seven days thereafter, excluding legal holidays. LSA-C.C.P. art. 1974. The motion for appeal was made and granted . . . long after the 30-day period for an appeal in a case involving a divorce, custody or alimony had expired. LSA-C.C.P. arts. 3942 and 3943.

Combining the relevant laws and jurisprudence, Appellee concludes that Appellant's motion for appeal filed on May 24, 2024, was not filed timely.

We agree that Appellant's Petition and Order for Appeal was not filed timely. Since Appellant was personally served with Appellee's supplemental and amending petition requesting a divorce under Article 103, personal service of the April 9, 2024 default judgment granting the divorce was not required. As such, the appeal delays began to run the day after notice of judgment was mailed to the parties, April 11, 2024. La.R.S. arts. 1913, 1974, and 2087. The seven days within which to file a motion for new trial expired on April 22, 2024, and then the thirty days in which to file a motion for appeal expired on May 22, 2024. The motion for appeal was not filed until May 24, 2024, and thus, the appeal was not timely perfected. Accordingly, we hereby dismiss the instant appeal.

**APPEAL DISMISSED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.